## ** 362 INFORMATION SHEET **

| | |
|---|---|
| Elisa Trevizo <br> DEBTOR | BK-S-09-17793-MKN <br> BNKR. NO.        MOTION NO. |
| Wells Fargo Bank, National Association, as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2005-AR4, Mortgage Pass-Through Certificates, Series 2005-AR4 <br> MOVANT | CHAPTER: 7 |

PROPERTY INVOLVED IN THIS MOTION: 5460 Paxton Way, Las Vegas, Nevada 89122

NOTICE SERVED ON: DEBTOR(S) _____;
DEBTOR'S(S') COUNSEL _____; TRUSTEE _____

DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st: $208,942.62 | 1st: $ |
| 2nd: $24,969.00 | 2nd: |
| 3rd: | 3rd: |
| 4th: | 4th: |
| Other: | Other: |
| Total Encumbrances: $233,911.62 | Total Encumbrances: $ |
| APPRAISAL or OPINION as to VALUE: $146,500.00 | APPRAISAL or OPINION as to VALUE: |
| **TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR** | **DEBTOR'S OFFER OF "ADEQUATE PROTECTION" FOR MOVANT** |
| Amount of Note: $181,900.00 | |
| Interest Rate: 3.875% | |
| Duration: 30 years | |
| Payment per Month: $1,074.45 | |
| Date of Default: 3/1/2009 | |
| Amount in Arrears: $12,720.57 | |
| Date of Notice of Default (if recorded): | |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| I hereby certify that an attempt has been made to confer with debtor(s) or debtor(s)' counsel, that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action. <br> SUBMITTED BY: /s/ ACE VAN PATTEN <br> 4375 Jutland Drive, Suite 200 <br> P.O. Box 17933 <br> San Diego, CA 92177-0933 <br> (858) 750-7600 <br> NV Bar # 11731 | SUBMITTED BY: <br><br> Signature: |

PITE DUNCAN, LLP  
EDDIE R. JIMENEZ (NV Bar #10376)  
JACQUE A. GRUBER (NV Bar #11385)  
ACE VAN PATTEN (NV Bar #11731)  
701 Bridger Avenue, Suite 670  
Las Vegas, Nevada 89101  
Telephone: (858) 750-7600  
Facsimile: (619) 590-1385  
E-mail: ecfnvb@piteduncan.com  

E-Filed on 3/3/2010

MAILING ADDRESS:  
4375 Jutland Drive, Suite 200  
P.O. Box 17933  
San Diego, California 92177-0933  

Attorneys for   Secured Creditor WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MORTGAGE FUNDING TRUST 2005-AR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR4

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ELISA TREVIZO,<br><br>                Debtor(s). | Bankruptcy Case No. BK-S-09-17793-MKN<br>Chapter 7<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MORTGAGE FUNDING TRUST 2005-AR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR4'S MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>Date: April 7, 2010<br>Time: 1:30 p.m. |

Wells Fargo Bank, National Association, as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2005-AR4, Mortgage Pass-Through Certificates, Series 2005-AR4 ("Movant"), moves this court for an order terminating the automatic stay of 11 United States Code § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 5460 Paxton Way, Las Vegas, Nevada 89122.

On or about May 14, 2009, Elisa Trevizo ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Subsequently on or about February 5, 2010, the case was

converted to Chapter 7, and David A. Rosenberg was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 United States Code § 362.

Movant moves this court for relief from stay under 11 United States Code §§ 362(d)(1) and 362(d)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(2).**

**NO EQUITY**

11 United States Code § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In <u>In re San Clemente Estates</u>, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

<u>Id.</u> at 610 (emphasis added).

In <u>In re Mikole Developers, Inc.</u>, 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about June 23, 2005, Debtor, for valuable consideration, made, executed and delivered to GreenPoint Mortgage Funding, Inc ("Lender") a Note in the principal sum of $181,900.00 (the

1  "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments
2  commencing August 1, 2005, and continuing until July 1, 2035, when all outstanding amounts are
3  due and payable. The Note provides that, in the event of default, the holder of the Note has the
4  option of declaring all unpaid sums immediately due and payable. A true and correct copy of the
5  Note is attached hereto as exhibit A and incorporated herein by reference.

6  On or about June 23, 2005, the Debtor made, executed and delivered to Lender a Deed of
7  Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described
8  as 5460 Paxton Way, Las Vegas, Nevada 89122 (the "Real Property"), which is more fully described
9  in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of
10 the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed
11 of Trust was recorded on June 30, 2005, in the Official Records of Clark County, State of Nevada. A
12 true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by
13 reference.

14 Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and
15 transferred to Movant. A true and correct copy of the Corporation Assignment of Deed of Trust
16 evidencing the Assignment of the Deed of Trust to Movant is attached hereto as exhibit C and
17 incorporated herein by reference.

18 The obligation under the Note is in default as of March 1, 2009, for failure to make payments
19 to Movant. As of February 17, 2010, the total obligation due and owing under the Note is in the
20 approximate amount of $208,942.62, representing the principal balance of $196,275.51, interest in
21 the sum of $9,145.36, late charges in the amount of $125.28, escrow advances in the amount of
22 $1,769.39, and a recoverable balance in the amount of $1,627.08. This is an approximate amount for
23 purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as
24 interest and additional advances may come due subsequent to the filing of the Motion. An exact
25 payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred
26 additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total
27 arrears under the Note are in the approximate sum of $12,720.57, excluding the post-petition
28 attorneys' fees and costs incurred in filing the instant Motion.

## II.

## **RELIEF FROM STAY**

## **LACK OF EQUITY**

Movant is informed and believes that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is approximately $146,500.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached hereto as exhibit D and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $146,500.00 |
| Less: | |
| Movant's Trust Deed | 208,942.62 |
| GMAC Mortgage's 2nd Trust Deed | 24,969.00 |
| Costs of Sale (8%) | 11,720.00 |
| Equity in the Property: | $<99,131.62> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(2).

## III.
## **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(1).**

## **CAUSE - LACK OF ADEQUATE PROTECTION**

Pursuant to the provisions of 11 United States Code §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

/./././
/./././
/./././
/./././

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

7. That the requirements of Local Rule 9021 be waived; and

/././

/././

8. For such other and further relief as the court deems just and proper.

Dated: March 3, 2010

/s/ ACE VAN PATTEN
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
NV Bar #11731
Attorney for WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MORTGAGE FUNDING TRUST 2005-AR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR4